48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David MINTON; Andrew Minton, Plaintiffs-Appellants,
v.
MCA, INC.; Matsushita Holding Corporation; Matsushita
Electric Industrial Co., Ltd., Defendants-Appellees.
 No. 92-55288.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Submission Vacated Aug. 10, 1993.
Reargued and Resubmitted Oct. 12, 1994.
Decided Feb. 27, 1995.
 
 1
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-91-5914-R; Manuel L. Real, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 REVERSED.
 
 
 4
 Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 David and Andrew Minton filed a complaint in the Central District of California on December 16, 1991, alleging that Matsushita and MCA violated Rules 14d-10 and 10b-13, as well as section 14(d)(7) of the Williams Act. They also filed a motion for class certification. They filed their complaint shortly after the district court denied a motion of their father, Walter Minton, to amend his complaint to add a section 14(d)(7) allegation.
 
 
 7
 The district court dismissed plaintiffs' complaint with prejudice on the ground that it was filed in "bad faith" and that plaintiffs were "aligned in interest" with their father, Walter Minton. The Minton sons then filed a motion to intervene in Nos. 92-55632 and 92-55675, which the district court dismissed as moot after granting summary judgment for Matsushita. The Minton sons now appeal the district court's dismissal of its complaint.[1]
 
 
 8
 * Matsushita argues, as a preliminary matter, that this court is without jurisdiction to hear this appeal because the order dismissing the Minton sons' complaint did not constitute a final order. It relies primarily on Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511 (9th Cir.1987), in which this court stated that "an order dismissing the complaint rather than dismissing the action is not a final order and thus not appealable." Id. at 1514.
 
 
 9
 It is true that the district court's order did not explicitly dismiss the action. It did, however, dismiss the complaint "with prejudice." Therefore, because "it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable." Id. (quoting Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)). Matsushita's argument, if accepted, would deprive appellants of all opportunity to appeal. We consequently reject its claim that we lack jurisdiction.
 
 II
 
 10
 The Minton sons argue that the district court abused its discretion in dismissing their complaint on the ground that it was filed in bad faith. We agree. Dismissal of a complaint "is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). It is the law of the circuit that a district court may not "penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc).
 
 III
 
 11
 Matsushita also argues that the dismissal of the Minton sons' complaint is justified under the law of the case doctrine. It asserts that because the district court found the Minton sons to be "aligned in interest" with their father, they are bound by the rulings of the district court in their father's case under the doctrine of "virtual representation." Whether an action is barred by a res judicata doctrine such as law of the case is a mixed question of law and fact in which legal issues predominate. United States v. Geophysical Corp., 732 F.2d 693, 697 (1984). We therefore review de novo. United States v. McConney, 728 F.2d 1195, 1202 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 12
 The fact that the plaintiffs in this case are the children of Walter Minton and are represented by the same attorney does not mean that they are disqualified from filing their own action. All MCA shareholders are "aligned in interest" with the senior Minton in the sense that they stand to benefit if he prevails. That does not mean, however, that they are not entitled to file an action of their own. Although the right to intervene may prevent another action from "as a practical matter impair[ing] or imped[ing] the applicant's ability to protect [his] interest," Fed.R.Civ.P. 24(a), it is a far cry from the right to bring a lawsuit in which you can recover damages if you prevail.
 
 
 13
 The district court's dismissal of appellants' complaint is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this memorandum and our opinion in Nos. 92-55632 and 92-55675.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Matsushita's motion to take judicial notice of the district court docket sheets in No. 92-55632 is granted